**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **KARONNACA VENZANT,** *Plaintiff,* | § § | |
| **v.** | § | **MO:25-CV-00555-DC-RCG** |
| **AMERICAN SAFETY SERVICES, INC.,** *Defendant.* | § § § § | |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

BEFORE THE COURT is Defendant American Safety Services, Inc.'s Motion to Dismiss (Doc. 17) and Motion to Strike (Doc. 29).[1] This case is before the Court through a Standing Order pursuant to 28 U.S.C. § 636 Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Defendant American Safety Services, Inc.'s Motion to Dismiss be **DENIED AS MOOT** (Doc. 17) and Motion to Strike be **DENIED** (Doc. 29).

On December 4, 2025, Plaintiff Karonnaca Venzant ("Plaintiff"), proceeding *pro se*, filed this action against Defendant American Safety Services, Inc. ("Defendant"). (Doc. 1). On March 23, 2026, Defendant filed a Rule 12(b)(6) Motion to Dismiss. (Doc. 17). Because Plaintiff did not file a timely response, the Court ordered her to file one. (Doc. 19). Plaintiff states she did not receive the Court's Order but would have responded if she had. (Doc. 22). Plaintiff filed a Motion for Reconsideration, explaining she did not receive Defendant's Motion to Dismiss and requesting an opportunity to file a response or an amended complaint. (Doc. 22).

The Court explained that, "due to the leniency courts offer *pro se* plaintiffs, the Court will give Plaintiff the benefit of the doubt and give her another opportunity to respond." (Doc. 24 at 2). The Court then stated "Plaintiff may file a response to Defendant's Motion to Dismiss on

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

or before 30 days from the date of this Order." *Id*. Within the allotted time, Plaintiff filed a Response to the Motion to Dismiss, containing a request for leave to amend (Doc. 26), and an Amended Complaint (Doc. 27). Defendant then filed the instant Motion to Strike Plaintiff's First Amended Complaint or, in the Alternative, for Clarification on the status of Plaintiff's pleading. (Doc. 29).

"The filing of an amended complaint generally renders pending motions moot." *Stredwick v. Dall. Margarita Soc'y, Inc.*, No. 12-CV-623, 2012 WL 12893430, at *1 (N.D. Tex. June 27, 2012) (citations omitted) (collecting cases); *Rodriguez v. Xerox Bus. Servs., LLC*, No. 16-CV-41, 2016 WL 8674378, at *1 (W.D. Tex. June 16, 2016) (citations omitted). Courts have found an amended complaint moots prior motions to dismiss where the amended complaint adds new claims and factual matter. *Maxim Integrated Prods., Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 14-CV-1030, 2015 WL 10990119, at *1 (W.D. Tex. Feb. 12, 2015) ("Especially given the substantive changes in the amended complaint, new causes of action, and more specific facts about the infringement that may go to the heart of the motion to dismiss, the Court finds State Farm's motion to dismiss is moot."); *Stevens v. St. Tammany Parish Gov.*, No. 20-928, 2020 WL 4219638, at *4 (E.D. La. July 23, 2020) (citations omitted) ("[C]omprehensive amended complaints may effectively moot any pending motions that apply to the original filing."). Sometimes courts will treat an amended complaint as automatically mooting any prior motions and will deny the prior motions as moot without doing any analysis. *El Paso Area Trchs. Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, No. 16-CV-205, 2017 WL 5171857, at *4 (W.D. Tex. Mar. 8, 2017) (treating amended complaint as having automatically rendered motion for judgment on the pleadings moot); *Su. Catcus Canyon Quarries, Inc.*, No. 23-CV-1147, 2023 WL 8041009, at *8 (W.D. Tex. Nov. 20, 2023) ("Some district courts automatically moot a motion to

dismiss that pertains to a superseded pleading while others have adopted a more functional approach to see if the amended complaint materially affects issues raised in the motion to dismiss. Although Carson's amended counterclaim does not materially affect the motion to dismiss, this Court has adopted the former approach of automatically mooting motions that no longer pertain to the live pleading." (internal citations omitted)); *Schidt v. Cimarex Energy Co.*, No. 20-CV-00206, 2022 WL 18110178, at *1 (W.D. Tex. Feb. 10, 2022) (Counts, J.) ("Once filed, an amended complaint renders all earlier motions moot, including motions for summary judgment." (internal quotations omitted)). Here, the Court finds it appropriate to moot Defendant's Motion to Dismiss given the new allegations contained in Plaintiff's Amended Complaint.

But this case is more nuanced in that Defendant argues Plaintiff had no right to amend her Complaint. (Doc. 29). Federal Rule of Civil Procedure 15(a)(1) states, "A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Defendant is correct that more than 21 days have passed since Plaintiff filed her Original Complaint. (*See* Docs. 1, 27). Additionally, more than 21 days have passed since Defendant filed its Motion to Dismiss.

So, the Court turns to Federal Rule of Civil Procedure 15(a)(2), which states "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In Plaintiff's Motion to Reconsider, she requested "the opportunity to file a Response to Defendant's Motion to Dismiss and/or file an Amended Complaint." (Doc. 22 at 2). The Court, in relevant part, granted Plaintiff's Motion,

stating she may have another opportunity to respond and may file a response to the Motion to Dismiss. (Doc. 24 at 2). In hindsight, the undersigned should have specifically stated Plaintiff may file a response or an amended complaint, but this was always the intent. Thus, the Court finds Plaintiff's Amended Complaint (Doc. 27) complies with Federal Rule of Civil Procedure 15(a)(2).[2]

Accordingly, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **DENIED AS MOOT** in light of Plaintiff's First Amended Complaint. (Doc. 17). Further, the Court **RECOMMENDS** Defendant's Motion to Strike be **DENIED** (Doc. 29) and, if this Report and Recommendation is adopted, Defendant should be **ORDERED** to file a responsive pleading to Plaintiff's First Amended Complaint **within 14 days of the Order adopting**.

The Clerk of the Court is **DIRECTED** to mail a copy of this Order by regular and certified mail, return receipt requested, to Plaintiff **Karonnaca Venzant**.

SIGNED this 17th day of June, 2026.



RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

2. Additionally, Plaintiff requested leave to amend in her Response, which the Court would be inclined to grant given this is Plaintiff's first amendment.

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).